UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND DIVISION

| | | |
|---|---|---|
| SND TRUCKING & ROUSTABOUT, LLC § § § Plaintiff, § § vs. § § DIESEL MACHINE WORKS, LLC § § § Defendant. § | | No. 7:16-CV-056-DAE |

ORDER: (1) DENYING MOTION FOR MORE DEFINITE STATEMENT;
(2) GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS

Before the Court is a Motion for More Definite Statement and alternative Motion to Dismiss filed by Defendant Diesel Machine Works, LLC ("Diesel") (Dkt. # 5). Pursuant to Local Rule CV-7(h), the Court finds this matter suitable for disposition without a hearing. After careful consideration of the Motion and Response, the Court, for the reasons that follow, **DENIES** the Motion for More Definite Statement and **GRANTS IN PART** and **DENIES IN PART** the Motion to Dismiss (Dkt. # 5).

BACKGROUND

On July 23, 2015, Plaintiff SND Trucking & Roustabout, LLC ("SND") entered into a contract to purchase a Caterpillar C13 Long Block, Remanufactured E/S# KCB20776 (the "long block") from Defendant for

1

$17,149.00. ("Compl.," Dkt. # 1 ¶ 3). The Defendant remanufactured the long block. (Id.) Plaintiff claims the long block was improperly fitted with parts for a Caterpillar C12 rather than parts from a Caterpillar C13, rendering the long block defective, and causing the Plaintiff to suffer monetary damages for the costs of repairs, loss of use of the vehicle, and lost income. (Id. ¶¶ 3–4.)

On March 2, 2016, Plaintiff filed suit, alleging that Defendant breached the implied warranty of fitness for a particular purpose and the implied warrant of merchantability. (Compl. ¶¶ 3–4); Tex. Bus. & Com. Code §§ 2.314, 2.315. Plaintiff seeks damages for the cost of repairs and lost income, as well as punitive damages under the Texas Deceptive Trade Practices-Consumer Protection Act ("DTPA"), Tex. Bus. & Comm. Code § 17.50. (Id. ¶ 5). On June 29, 2016, Defendant filed the instant Motion for More Definite Statement and alternative Motion to Dismiss. (Dkt. # 5). On July 9, 2016, Plaintiff filed a Response. (Dkt. # 7).

LEGAL STANDARD

I. Motion for More Definite Statement

Rule 8(a) of the Federal Rules of Civil Procedure requires that a pleading stating a claim for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "If a pleading fails to specify the allegations in a manner that provides sufficient notice, a

defendant can move for a more definite statement under [Federal Rule of Civil Procedure] 12(e) before responding." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002).  Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e).

"The pleading standard set out in Rule 8(a) is a liberal one; it does not require a plaintiff to plead with specificity the facts giving rise to his or her claim." Jiminez v. Regius Verus Foods, LLC, 2015 WL 128157, at *1 (W.D. Tex. Jan. 8, 2015).  As a result, "Rule 12(e) motions are generally disfavored and are used 'to provide a remedy only for an unintelligible pleading rather than a correction for lack of detail.'" Jiminez, 2015 WL 128157 (quoting Davenport v. Rodriguez, 147 F.Supp.2d 630, 639 (S.D. Tex. 2001)).

   II. Motion to Dismiss for Failure to State a Claim

A party may file a motion to dismiss the opposing party's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In analyzing a motion to dismiss for failure to state a claim, the court "accept[s] 'all well pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" U.S. ex rel. Vavra

v. Kellogg Brown & Root, Inc., 727 F.3d 343, 346 (5th Cir. 2013) (quoting In re Katrina Canal Breaches Litig., 495 F.3d 191, 205 (5th Cir. 2007)).

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. The statements in the complaint must be sufficiently detailed to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Id.

## DISCUSSION

I. Motion for More Definite Statement

Defendant's 12(e) Motion argues that Plaintiff's allegations are "vague in so many different ways that Defendant cannot ascertain the factual nor legal basis of the claims." (Dkt. # 5 at 1). However, while the Complaint is indeed sparse, it alleges that Plaintiff purchased the equipment at issue pursuant to a contract signed July 23, 2015, that the equipment was manufactured by Defendant,

and that it was made with improper parts. (Compl. ¶¶ 6, 3.) Further, the Complaint identifies the legal basis for Plaintiff's claims. (Id. ¶ 3.) Where matters can be clarified and developed during discovery, and do not impede a defendant's ability to form a responsive pleading, an order directing the plaintiff to provide a more definite statement is not warranted. Arista Records LLC v. Greubel, 453 F. Supp. 2d 961, 972 (N.D. Tex. 2006) (citing Mitchell v. E–Z Way Towers, Inc., 269 F.2d 126, 132 (5th Cir. 1959)).

Plaintiff's allegations are not so unintelligible or lacking in specificity that Defendants are unable to respond. See Jiminez, 2015 WL 128157, at *2. Accordingly, Defendant's Motion for More Definite Statement is **DENIED**. (Dkt. # 5.)

## II. Motion to Dismiss

Defendant alternatively moves to dismiss Plaintiff's claims for breach of implied warranty of merchantability, breach of implied warranty of fitness for a particular purpose, and claims under the DTPA. (Dkt. # 5 at 2–3.)

### A. Breach of Implied Warranty of Merchantability

"The implied warranty of merchantability applies in every contract for goods, unless specifically bargained out of the agreement . . . [and] provides that the product is fit for its ordinary purposes." Elliott v. Kraft Foods N. Am., Inc., 118 S.W. 3d 50, 56 (Tex. App. 2003); Tex. Bus. & Comm. Code § 2.314(a). A

5

product is unmerchantable if it is "unfit for the ordinary purposes for which [it is] used because of a lack of something necessary for adequacy, i.e., because of a defect." Plas-Tex, Inc. v. U.S. Steel Corp., 772 S.W.2d 442, 444 (Tex. 1989).  A plaintiff successfully states a cause of action under Texas law for breach of implied warranty of merchantability by alleging: "1) the defendant sold or leased a product to the plaintiff; 2) the product was unmerchantable; 3) the plaintiff notified the defendant of the breach; and 4) the plaintiff suffered injury." Equistar Chem., L.P. v. Dresser-Rand Co., 240 S.W.3d 864, 867 (Tex. 2007) (quoting Polaris Indus. v. McDonald, 119 S.W.3d 331, 336 (Tex. App. 2003)); Tex. Bus. & Comm. Code § 2.314.

In this case, Plaintiff states it purchased the product from Defendant, and alleges it was defective because it was manufactured with incorrect parts; specifically, the long block was fitted with parts from a Caterpillar C12, when Plaintiff had contracted for and purchased a long block fitted with parts from a Caterpillar C13.  (Compl. ¶ 3.)  Plaintiff claims it provided Defendant with proper notice by mailing a Notice of Claim under the DTPA on October 29, 2015. (Compl. ¶¶ 3, 7); see Tex. Bus. & Comm. Code Ann. § 2.607(c)(1).  Finally, Plaintiff alleges it suffered injury in the form of repair costs and lost income as a result.  (Id.)  Plaintiff has sufficiently stated a claim for breach of implied warranty

of merchantability, and Defendant's motion to dismiss this claim is **DENIED** (Dkt. # 5).

      B.  <u>Breach of Implied Warranty of Fitness for a Particular Purpose</u>

      To state a claim for breach of warranty of fitness for a particular purpose, Plaintiff must claim that "the seller at the time of contracting ha[d] reason to know any particular purpose for which the goods [we]re required," and that the plaintiff relied "on the seller's skill or judgment to select or furnish suitable goods" for this particular purpose. Tex. Bus & Com. Code § 2.315. Further, "[t]he particular purpose must be a particular *non-ordinary* purpose." <u>Sipes v. Gen. Motors Corp.</u>, 946 S.W.2d 143, 158–59 (Tex. App. 1997) (finding that plaintiffs, who sued General Motors for injuries sustained when the airbags did not deploy during a collision, did not have a claim for breach of implied warranty of fitness for a particular purpose, because they acquired and used "the airbags only for the general purpose for which they are designed").

      In this case, Plaintiff failed to plead that it communicated at the time of sale its intention to utilize the long block for a particular, non-ordinary purpose. (<u>See</u> Compl.); <u>Deburro v. Apple, Inc.</u>, 2013 WL 5917665, at *7 (W.D. Tex. Oct. 31, 2013); Tex. Bus. & Com. Code § 2.315. Additionally, Plaintiff fails to allege that it relied on Defendant's "skill or judgment to select or furnish suitable goods" for any particular purpose. Tex. Bus & Com. Code § 2.315.

Plaintiff fails to state a claim for breach of implied warranty of fitness for a particular purpose; accordingly, Defendant's Motion to Dismiss this claim is **GRANTED** (Dkt. # 5).

    C.  <u>Texas Deceptive Trade Practices Act</u>

"The DTPA prohibits the breach of an express or implied warranty," and provides monetary damages for a breach of implied warranty, where certain additional circumstances are proved. <u>Parkway Co. v. Woodruff</u>, 901 S.W.2d 434, 438 (Tex. 1995); Tex. Bus. & Com. Code § 17.50(a)(2). The Court will consider only whether Plaintiff has stated a DTPA claim with regard to its claim for breach of implied warranty, as the claim for breach of implied warranty of fitness for a particular purpose has been dismissed.

In order to state a claim under the DTPA, a plaintiff must allege that (1) it "is a consumer under the DTPA;" (2) that defendant "committed a false, misleading, or deceptive act under section 17.46(b) of the DTPA, breached an express or implied warranty, or engaged in an unconscionable action or course of action;" and (3) that this act "[was] the producing cause of [plaintiff's] actual damages." <u>Brown v. Bank of Galveston, N.A.</u>, 963 S.W.2d 511, 513 (Tex. 1998); <u>see also</u> <u>Brittan Commc'n Int'l Corp. v. Sw. Bell Tel. Co.</u>, 313 F.3d 899, 907 (5th Cir. 2002). Under the DTPA, a consumer is "an individual, partnership, [or]

corporation ... who seeks or acquires by purchase or lease, any goods or services." Tex. Bus. & Com. Code § 17.45(4).

"Claims alleging violations of the Texas Insurance Code and the Deceptive Trade Practices Act . . . are subject to the [pleading] requirements of Rule 9(b)." Frith v. Guardian Life Ins. Co. of Am., 9 F. Supp. 2d 734, 742 (S.D. Tex. 1998).  To plead with sufficient particularity under Rule 9(b), a plaintiff must specifically claim "the who, what, when, where, and how" of the alleged DTPA violation.  Shandong Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter, 607 F.3d 1029, 1032 (5th Cir.2010) (quoting Benchmark Elecs., Inc. v. J.M. Huber Corp., 343 F.3d 719, 724 (5th Cir.2003)).  Further, "[t]he DTPA requires a plaintiff to provide a defendant with written notice of any DTPA claim at least sixty days prior to filing suit." Patel v. Holiday Hosp. Franchising, Inc., 172 F. Supp. 2d 821, 826 (N.D. Tex. 2001); Tex. Bus. & Com. Code § 17.505(a).

Here, Plaintiff alleges that it purchased goods from Defendant; specifically, Plaintiff alleges that it purchased the long block pursuant to a contract signed July 23, 2015.  (Compl. ¶ 3.)  This purportedly defective purchase forms the basis for the complaint, and Plaintiff has sufficiently pled that it is a consumer under the DTPA.  Second, as explained above, Plaintiff sufficiently pled that Defendant breached the implied warranty of merchantability, satisfying the second pleading requirement under the DTPA.  (Id.)  Third, Plaintiff pled that the alleged

9

breach of the implied warranty of merchantability caused damages; specifically repair costs, loss of use, and present and future loss of income. (Id. ¶ 4.) Finally, Plaintiff alleges that it provided defendant with written notice of the DTPA claim on October 29, 2015, more than satisfying the 60-day notice requirement. (Id. ¶ 2.)

Plaintiff sufficiently stated a claim under the DTPA for breach of implied warranty. Accordingly, Defendant's Motion to Dismiss this claim is **DENIED**.

## CONCLUSION

For the reasons explained above, Defendant's Motion for More Definite Statement is **DENIED** (Dkt. # 5). Defendant's Motion to Dismiss is **GRANTED IN PART** and **DENIED IN PART** (Dkt. # 5). Plaintiff's claim for breach of implied warranty of merchantability and associated claim for a violation of the DTPA remain.

**IT IS SO ORDERED.**

**DATE:** San Antonio, Texas, August 11, 2016.

_____
David Alan Ezra
Senior United States District Judge